## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **THE HOGS AND HEROES** | * | |
| **FOUNDATION INC.,** | | |
| **10482 Baltimore Avenue, Suite 365** | * | |
| **Beltsville, Maryland 20705** | | |
| | * | |
| **Plaintiff,** | | |
| | * | **Civil Action No.: 8:16-cv-768** |
| **v.** | | |
| | * | |
| **HEROES, INC.,** | | |
| **1200 29th Street, N.W.** | * | |
| **Washington, D.C. 20007** | | |
| | * | |
| **Service on:   Jack Nichols, Resident Agent** | | |
| **              1200 29th Street, N.W.** | * | |
| **              Washington, D.C. 20007** | | |
| | * | |
| **Defendant.** | | |

&ast;   &ast;   &ast;   &ast;   &ast;   &ast;   &ast;   &ast;   &ast;   &ast;   &ast;

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff The Hogs and Heroes Foundation Inc., through its undersigned attorneys, hereby files this Complaint for Declaratory Judgment against Defendant HEROES, Inc. and states:

## INTRODUCTION

1.      This is an action for declaratory relief brought pursuant to 28 U.S.C. §§ 2201, *et seq.* arising from an actual controversy between the parties concerning, on the one hand, Plaintiff's rights in its HOGS AND HEROES FOUNDATION service marks, and on the other hand, Defendant's rights in its HEROES service marks that are registered on the Principal Register under Registration Nos. 2,927,593; 2,142,514; and 826,676.

## THE PARTIES

2.      Plaintiff The Hogs and Heroes Foundation Inc. is a charitable organization

dedicated to supporting service members and veterans of the United States military and public safety workers including law enforcement officers, firefighters and emergency medical personnel.  Plaintiff is a corporation formed under the laws of Maryland with its principal place of business in Beltsville, Maryland.

3.      Defendant Heroes, Inc. is a charitable organization supporting the spouses and children of law enforcement officers and firefighters killed in the line of duty in the Washington, D.C. metropolitan area.  It is a corporation formed under the laws of the District of Columbia with its principal place of business in the District of Columbia.

## JURISDICTION AND VENUE

4.      This case arises under the Lanham Act, 15 U.S.C. §§ 1051, *et seq*.  This Court has subject matter jurisdiction pursuant to the provisions of 15 U.S.C § 1121 and 28 U.S.C. §§ 1331, 1332 and 1338.

5.      Venue is proper in this judicial district by reason of the provisions of 28 U.S.C. §§ 1391(b) and (c) because, as detailed in this Complaint, a substantial part of the acts and omissions giving rise to Plaintiff's claim occurred in this district including, but not limited to, Plaintiff's corporate activities with which Defendant takes issue and, furthermore, Defendant, according to its website, conducts business on a continuing basis in the Maryland counties of Montgomery and Prince George's and, therefore, is subject to personal jurisdiction in this district.

## FACTS

### Plaintiff's Service Marks

6.      Plaintiff The Hogs and Heroes Foundation Inc. is a national membership foundation comprised of a community of motorcycle riders.  Plaintiff currently has local chapters

in eight (8) states.

7.      Through its national organization, chapters and members, Plaintiff raises funds to support U.S. military personnel, veterans and public safety workers, including by organizing, sponsoring and/or participating in motorcycle riding events and other activities.

8.      The funds raised by Plaintiff and its chapters are donated to other charitable organizations that provide support or benefits to military personnel, veterans or public safety workers, such as Defendant Heroes Inc., to which Plaintiff has donated funds.

9.      In addition to its charitable fundraising activities, Plaintiff and its chapters perform honor missions in recognition of and tribute to military personnel, veterans and public safety workers, by providing escort services, flag raising and similar support in connection with memorial services, ceremonies and commemorations.

10.     Plaintiff uses the following service marks to identify its services and to distinguish its services from those of others: HOGS AND HEROES FOUNDATION; and



(hereinafter "Plaintiff's Marks").

11.     Plaintiff's Marks appear, for example, on its website, membership identification cards, patches, pins, fliers, letterhead and stationary as reflected, for example, by the following screen shot from Plaintiff's website:



12.     Chapters of Plaintiff's organization exist across several states and utilize Plaintiff's Marks to identify their members and services and to promote Plaintiff's mission, including chapters in Maryland, Delaware, North Carolina, New York, New Jersey, Pennsylvania, Virginia and West Virginia.

**Defendant's Service Marks**

13.     According to its website, Defendant's singular goal is to honor the supreme

sacrifice made by law enforcement officers and firefighters who give their lives in the line of

duty while ensuring the safety of citizens in the greater Washington area.

14.     Defendant, acting in strictest confidentiality, offers to the spouses and children of

fallen law enforcement officers and firefighters financial assistance to ensure that housing and

other basic needs are met.

15.     Defendant also offers these families financial and legal expertise free of charge

and, again, in confidence.

16.     Defendant owns and uses the following federally registered service marks in

connection with its services:

A.     HEROES, covered by (Reg. No. 2,927,593, issued 2/22/2005 for the

following services: charitable fund raising services and charitable services, namely, aiding the

families of fire fighters and police officers killed in the line of duty by providing funds to the

victims families; charitable services, namely, aiding the families of fire fighters and police

officers killed in the line of duty by providing access to legal services to the victims families;

charitable services, namely, aiding the families of fire fighters and police officers killed in the

line of duty by providing access medical services and psychological support counseling to the

victims families;

B.     HEROES, INC., covered by(Reg. No. 2,142,514, issued 3/10/1998 for the

following services: charitable fund raising services and charitable services, namely, aiding the

families of fire fighters and police officers killed in the line of duty by providing funds to the

victims families; charitable services, namely, aiding the families of fire fighters and police

officers killed in the line of duty by providing access to legal services, medical services and counseling to the victims families; and

        C.     The composite word and design mark shown below, covered by Reg. No. 827,676, issued 4/18/1967 for the following services: aiding the widows and children of firemen and policemen killed in the line of duty in Washington, D.C., Maryland and Virginia, in financial, legal, and like causes



The three marks in 16.A, B and C above are hereinafter collectively referred to as "Defendant's Marks".

        17.     Defendant's mark HEROES serves as an acronym for "Honor Every Responsible Officer's Eternal Sacrifice."

        18.     Defendant's services are offered in the District of Columbia, Maryland and Virginia.

**COUNT I**
**Declaratory Judgment**

        19.     Plaintiff realleges each and every allegation set forth in paragraphs 1 through 18, and incorporates them herein.

        20.     On or about June 17, 2014, Plaintiff filed applications with the United States Patent and Trademark Office ("USPTO") to register Plaintiff's Marks, which applications are currently pending as Application Nos. 86/311,438 and 86/311,439, each of which covers the

following services: "Charitable fundraising services by means of organizing and conducting fundraising events to support public safety personnel and military members and veterans".

21.     In April 2015, the USPTO published Plaintiff's Marks in the Official Gazette pursuant to Section 12 of the Lanham Act.

22.     On October 21, 2015, Defendant filed with the USPTO, before the Trademark Trial and Appeal Board ("TTAB"), a Notice of Opposition opposing the registration of Plaintiff's Marks, which opposition proceeding is currently pending before the TTAB.

23.     Defendant contends that Plaintiff's Marks so resemble Defendant's Marks "as to be likely, when used for the services identified in the opposed applications, to cause confusion, mistake or deception."

24.     Plaintiff's use of Plaintiff's Marks is not likely to cause confusion as between the services it offers and those offered by Defendant.

25.     For example, the arbitrary term HOGS is the first word in Plaintiff's Marks and precedes the weaker, ubiquitous term HEROES, thereby making HOGS the dominant element in Plaintiff's Marks.  Plaintiff's Marks, therefore, are distinguishable from Defendant's Marks in appearance, sound and commercial impression.

26.     The parties' respective marks are further distinguished by the fact that Defendant uses the term HEROES in its marks as an acronym.

27.     Additionally, the design marks utilized by the parties look nothing alike.

28.     Further, Plaintiff is a national membership foundation comprised of a community of motorcycle riders who raise funds to donate to other charitable organizations which support Plaintiff's mission.  Unlike Defendant, Plaintiff does not directly provide funds to the families of

fallen firefighters or police officers, nor does Plaintiff provide the other services offered by Defendant, namely access to legal services, medical services or counseling services.

29.     Indeed, Plaintiff and Defendant have coexisted using their respective marks for more than eight years without, to Plaintiff's knowledge, any evidence or indication of actual confusion.

30.     Notwithstanding the differences between their respective marks, Defendant demands not only that Plaintiff's applications be withdrawn or denied, but further that Plaintiff cease using Plaintiff's Marks unless it has a license from Defendant to use the term "Heroes" as part of Plaintiff's Marks.

31.     Defendant has threatened litigation if Plaintiff does not cease using Plaintiff's Marks, communicating that it could not promise not to sue Plaintiff if Plaintiff refused to withdraw its applications for registration and continued to use Plaintiff's Marks.

32.     Defendant has a history of litigating against those it believes to be infringers of Defendant's Marks including, among other venues, in this Court.  See, for example, *HEROES, Inc. v. Heroes, Inc.*, 1:02-cv-02806-JFM (D. Md.) and *HEROES, Inc. v. Boomer Esiason Hero's Benevolent Fund, Inc.*, 1:96-cv-01260-TAF (D.D.C.).

33.     Plaintiff has a reasonable apprehension that Defendant will sue Plaintiff to stop Plaintiff from using Plaintiff's Marks.

34.     There is a real controversy between the parties and the rights each contend to have in their respective marks.

WHEREFORE, Plaintiff prays a judgment declaring:

a.     Plaintiff's use of Plaintiff's Marks in connection with its charitable services, including those covered by its pending trademark application nos. 86-311,438 and 86-311,439,

are not likely to cause consumers to be confused, mistaken or deceived that Plaintiff's services

are those of Defendant's or are sponsored, endorsed or approved by Defendant, or that there is

some affiliation or connection between Plaintiff and Defendant;

b.       Plaintiff's use of Plaintiff's Marks does not infringe or otherwise violate

Defendant's rights in Defendant's Marks and Plaintiff has the right to use Plaintiff's Marks in

commerce;

c.       such other and further relief that the Court deems just including awarding to

Plaintiff attorneys' fees and costs.

Respectfully submitted,


 _/s/ Christopher J. Lyon_____
Donna M.D. Thomas, Bar No. 23499
Christopher J. Lyon, Bar No. 27443
Astrachan Gunst Thomas, P.C.
217 E. Redwood Street, 21st Floor
Baltimore, MD 21202
410.783.3550 (telephone)
410.783.3530 (facsimile)
dthomas@agtlawyers.com
clyon@agtlawyers.com

*Attorneys for Plaintiff*